UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| LAUSTEVEION JOHNSON, | Case No. 3:16-cv-693-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| J. YOUNGBLOOD, *et al.*, | |
| Defendants. | |

**I. SUMMARY**

*Pro se* Plaintiff Lausteveion Johnson, an incarcerated person, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla Baldwin (ECF No. 54) relating to the parties' cross motions for summary judgment (ECF Nos. 40, 46). Judge Baldwin recommends that this Court grant Defendants'[1] motion for summary judgment ("Motion") on all claims and deny Plaintiff's counter motion for summary judgment ("Counter Motion"). (ECF No. 54 at 1.) Johnson has filed an objection ("Objection") (ECF No. 55), and Defendants have responded (ECF No. 56). For the reasons stated below, the Court accepts and adopts the R&R in its entirety.[2]

**II. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 6 at 1.) Plaintiff was incarcerated at the Northern Nevada

---

[1]Defendants are D. Aja, Isidro Baca, Ruben Diaz, Jo Gentry, Holly Skulstad, and Brian Williams.

[2]Plaintiff also filed a motion requesting oral arguments on the summary judgment motions (ECF No. 53), which Judge Baldwin recommends be denied as moot (ECF No. 54 at 21). The Court agrees that this motion should be denied as moot and does not address it further.

1  Correctional Center ("NNCC") and the Southern Desert Correctional Center ("SDCC")
2  (ECF No. 54 at 1) during the time relevant to this action. The Court incorporates by
3  reference Judge Baldwin's recitation of the factual and procedural background as
4  provided in the R&R (ECF No. 54 at 2–4), which the Court adopts.

**III.   LEGAL STANDARD**

   **A.   Review of the Magistrate Judge's Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that a court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

In light of Plaintiff's Objection to part of the R&R, the Court conducts a de novo review to determine whether to adopt the rulings in the R&R to which Plaintiff objects. Having reviewed the R&R, the underlying briefs, and the accompanying exhibits,[3] the Court finds that the R&R should be accepted in full.

   **B.   Summary Judgment Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*,

---

[3]Plaintiff's response to Defendants' Motion (ECF No. 45) is the same as his Counter Motion (ECF No. 46). The Court has also reviewed Defendants' reply in support of the Motion (ECF No. 47), Defendants' response to the Counter Motion (ECF No. 49), and Plaintiff's reply in support of the Counter Motion (ECF No. 51).

| | |
|---|---|
| 1 | 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the |
| 2 | pleadings, the discovery and disclosure materials on file, and any affidavits "show there |
| 3 | is no genuine issue as to any material fact and that the movant is entitled to judgment as |
| 4 | a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" |
| 5 | if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the |
| 6 | nonmoving party and a dispute is "material" if it could affect the outcome of the suit under |
| 7 | the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where |
| 8 | reasonable minds could differ on the material facts at issue, however, summary judgment |
| 9 | is not appropriate. *See id.* at 250–51. "The amount of evidence necessary to raise a |
| 10 | genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' |
| 11 | differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th |
| 12 | Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). |
| 13 | In evaluating a summary judgment motion, a court views all facts and draws all inferences |
| 14 | in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach* |
| 15 | *& Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). |
| 16 |     The moving party bears the burden of showing that there are no genuine issues of |
| 17 | material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once |
| 18 | the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting |
| 19 | the motion to "set forth specific facts showing that there is a genuine issue for trial." |
| 20 | *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings |
| 21 | but must produce specific evidence, through affidavits or admissible discovery material, |
| 22 | to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. |
| 23 | 1991), and "must do more than simply show that there is some metaphysical doubt as to |
| 24 | the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting |
| 25 | *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere |
| 26 | existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." |
| 27 | *Anderson*, 477 U.S. at 252. |
| 28 | /// |

## IV. DISCUSSION

Judge Baldwin recommends that the Court grant summary judgment in favor of Defendants on Plaintiff's remaining claims, which are: (1) First Amendment free exercise and Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") claims; (2) a Fourteenth Amendment procedural due process claim; (3) a First Amendment retaliation claim; (5) and an Eighth Amendment conditions of confinement claim. (*See generally* ECF No. 54, ECF No. 6.) In the Objection, Plaintiff challenges only Judge Baldwin's recommendations concerning two of these claims. (*See* ECF No. 55 at 2–10.) First, Plaintiff contests Judge Baldwin's finding that his First Amendment free exercise and RLUIPA claims concerning Islamic rings, necklaces, and medallions are unexhausted. (*Id.* at 2–7.)[4] Second, Plaintiff argues that Judge Baldwin erred in ruling on his First Amendment retaliation claim. (*Id.* at 7–10.) The Court discusses only the recommendations that Plaintiff challenges in his Objection, addressing each in turn.

### A. First Amendment Free Exercise and RLUIPA claims

Relevant to Plaintiff's claims concerning possession of the Islamic rings, necklaces, and medallions, Judge Baldwin concluded that Plaintiff failed to exhaust his administrative remedies because there is no evidence that Plaintiff actually filed grievances regarding possession of these items. (ECF No. 54 at 9.) Plaintiff objects to this finding, arguing that he provided a sworn affidavit stating that he filed an informal grievance for these items on August 10, 2016, and a first level grievance on January 05, 2017. (ECF No. 55 at 5.) Additionally, Plaintiff contends that Judge Baldwin erred by improperly weighing his evidence that he filed the grievances. (*Id.* at 6.) The Court overrules Plaintiff's objections.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be

---

[4]Judge Baldwin also analyzed Plaintiff's First Amendment free exercise and RLUIPA claims involving the denial of religious books, prayer beads, and kufis. (ECF No. 54 at 10–13.) However, Plaintiff's Objection only examines these items in relation to his retaliation claim. (ECF No. 55 at 7–10.) As such, the Court does not discuss Plaintiff's First Amendment free exercise and RLUIPA claims regarding these items.

4

brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted § 1997e(a) as "requir[ing] proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which "demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. Proper exhaustion requires "a grievant [to] use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).

But "[f]ailure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). Defendants may meet their burden by "prov[ing] that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. Once met, the burden shifts to the inmate to show that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* Defendants, however, retain "the ultimate burden of proof." *Id.*

The pertinent grievance process is set forth in NDOC's Administrative Regulations ("AR") 740. (ECF No. 40-1.) Under AR 740.04, if an inmate chooses to avail himself of the grievance process, that inmate is required to attempt informal resolution. (*Id.* at 5.) If the inmate is unable to informally resolve his issue, AR 740.05 requires that the inmate timely file an informal level grievance, in accordance with the timeframe associated with his issue. (*Id.* at 5–8.) Under AR 740.06 and 740.07, the inmate may appeal to a first level grievance, and if his appeal fails at that level, the inmate may undertake a second level grievance appeal. (*Id.* at 8–10.)

Here, Defendants argue that there is no evidence that Plaintiff filed any grievances related to the rings, necklaces, and medallions. (ECF No. 40 at 8.) To support their argument, Defendants attach Plaintiff's "Inmate Grievance History", listing grievances from January 2015 to January 2018. (ECF No. 40-2.) Plaintiff counters that he has

1 provided evidence that he filed the two grievances and that Defendants refused to respond. (ECF No. 46 at 5.) As indicated, Plaintiff provides the purported informal and first level grievances. (*Id.* at 33–36.) Both are accompanied by sworn declarations—signed under penalty of perjury—describing Defendants' denial of possession of the rings, necklaces, and medallions. (*Id.*) Plaintiff also provides a sworn affidavit stating that he filed these grievances. (*Id.* at 20–21.)

However, as Defendants note in their reply in support of the Motion, Plaintiff has not provided any evidence whatsoever of a second level grievance appeal. (ECF No. 47 at 2.) Thus, even if the Court were to accept that Plaintiff filed the noted grievances, the Court would still find that Plaintiff has not exhausted his administrative remedies. Pertinently, § 1997e(a) requires Plaintiff to proceed with all steps of the grievance process in spite of the lack of a response before bringing suit. *See, e.g.*, *Jorss v. Vanknocker,* No. C97–3719CRB(PR), 2001 WL 823771, at *2 (N.D. Cal. Jul. 19, 2001) *aff'd*, 44 F. App'x 273 (9th Cir. 2002) (stating that "plaintiff was not foreclosed from proceeding with the prison appeal process and exhausting available administrative remedies because he did not receive a response to his informal appeal"). Because Plaintiff did not file a second level grievance appeal, the Court finds that Defendants met their burden of establishing that Plaintiff's First Amendment free exercise and RLUIPA claims are unexhausted. Therefore, the Court adopts Judge Baldwin's recommendation to grant summary judgment for Defendants on the relevant claims for Plaintiff's failure to exhaust administrative remedies.

**B.    Retaliation**

In considering Plaintiff's First Amendment retaliation claim, Judge Baldwin found that Plaintiff has not established that his First Amendment activity was the substantial or motivating factor behind Defendants returning his religious book, prayer beads, and kufis, placing him in disciplinary segregation, denying his surge protector, and denying him the ability to send clothing to the laundry. (ECF No. 54 at 17–18.) Plaintiff objects to this finding, arguing that the timing of his grievances and Defendants' conduct is enough to

1 establish (or at least create an inference of) retaliatory motive for the purposes of
2 summary judgment. (ECF No. 55 at 8–10.) Defendants respond that Judge Baldwin
3 correctly found that Plaintiff's assertions amount to "mere speculation" of a causal
4 connection. (ECF No. 56 at 7–8.) The Court agrees with Defendants.

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). A First Amendment retaliation claim in the prison context requires a plaintiff to establish: (1) "that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567–68.

To meet the causation element of a retaliation claim, a plaintiff must show that his First Amendment activity was "the substantial or motivating factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (internal quotation marks omitted). The evidence establishing such a motive is often circumstantial, *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995), but "mere speculation that defendants acted out of retaliation is not sufficient[,]" *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Here, Plaintiff argues that the chronology of events supports an inference of retaliatory motive because he "filed a high volume of grievances in July, August of 2016" and that the retaliation began and continued when he was transferred to NNCC. (ECF No. 55 at 9.) However, even if Plaintiff's chronology of events is true, Plaintiff has not provided evidence that his First Amendment activity was the substantial or motivating factor behind Defendants' actions. There must be something more than timing to show retaliatory motive; retaliation is not established simply by showing adverse activity after the occurrence of protected speech, but rather Plaintiff must show a connection between the events. *See Pratt*, 65 F.3d at 808 (finding that the timing of inmate's transfer to different prison, without more, was insufficient to support inference that the transfer was done in retaliation for inmate's exercise of First Amendment rights). Therefore, the Court

agrees with the R&R that Plaintiff has not met his burden of establishing a genuine issue of material fact as to the causation element of his retaliation claim. Accordingly, the Court also accepts and adopts Judge Baldwin's recommendation on Plaintiff's retaliation claim.

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Baldwin (ECF No. 54) is adopted and accepted in full.

It is further ordered that Plaintiff's objection (ECF No. 55) is overruled.

It is further ordered that Defendants' motion for summary judgment (ECF No. 40) is granted.

It is further ordered that Plaintiff's counter motion for summary judgment (ECF No. 46) is therefore denied.

It is further ordered that Plaintiff's motion for oral arguments on summary judgment motions (ECF No. 53) is denied as moot.

DATED THIS 2nd day of March 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE